**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| STEPHEN G. SWANSON, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No.  07-1143-MLB |
| ) | |
| DEPARTMENT OF TRANSPORTATION ) | |
| (DOT)/FEDERAL AVIATION ) | |
| ADMINISTRATION (FAA), ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant's motion to dismiss (Docs. 5, 6) filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]  Plaintiff has responded (Doc. 7) and defendant replied (Doc. 8).  Plaintiff proceeds pro se in this action seeking injunctive relief against defendant.[2]

---

[1] Defendant's motion to dismiss alleges lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), and failure to satisfy the requirements for injunctive relief, pursuant to Rule 12(b)(6). Defendant has supported its motion with attached affidavits. When an affidavit or other documentation is presented with a motion to dismiss pursuant to Rule 12(b)(6), Rule 12(b) requires that the court treat the motion as one for summary judgment. When a motion to dismiss is converted to one for summary judgment, the Tenth Circuit requires notice to a pro se plaintiff. See Ketchum v. Cruz, 961 F.2d 916, 919 (10th Cir. 1992).

The court, however, declines to consider defendant's motion under Rule 12(b)(6) and instead relies on Rule 12(b)(1) to dismiss this matter for lack of subject matter jurisdiction. As a result, the court may consider defendant's affidavits in its determination of the presence, or lack thereof, of its subject matter jurisdiction. E.F. W. v. St. Stephen's Indian High Sch., 264 F.3d 1297, 1302-03 (10th Cir. 2001).

[2] As a pro se litigant, plaintiff's filings must be liberally construed. See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). Liberal construction does not, however, require this court to assume the role of advocate for the pro se litigant. See Hall, 935 F.2d at 1110.  The rule of liberal construction notwithstanding,

**I.  PROCEDURAL HISTORY AND FACTS**

This matter was initially instigated by plaintiff, an employee of the Wichita Airport Traffic Control Tower, when he filed a motion for injunction on May 22, 2007, against defendant, the Department of Transportation/Federal Aviation Administration ("FAA").  (Doc. 1.) The United States, on behalf of defendant, responded to plaintiff's filing on June 4, 2007, answering that this court lacked personal jurisdiction over it, lacked subject matter jurisdiction over the matter, and that plaintiff was not entitled to injunctive relief. (Doc. 2.)

On June 19, 2007, this court ordered that plaintiff comply with the Federal Rules of Civil Procedure and initiate suit by filing a complaint and serving process of that complaint on defendant.  (Doc. 3.)  Plaintiff did so on June 27, 2007.  Plaintiff's complaint discusses a potential claim under the Federal Tort Claims Act, but the relief he seeks is only that the court order defendant to "protect and preserve evidence."  (Doc. 4.)  Defendant responded to plaintiff's complaint on August 21, 2007, with the motion to dismiss now under consideration.

The following facts are set out in defendant's motion, and not controverted by plaintiff in his opposition; indeed, there does not appear to be much dispute about the facts.  On March 2, 2007, spots were discovered by an employee of the FAA in facilities operated by the FAA at the Wichita, Kansas Mid-Continent Airport.  A sample of the

---

plaintiff's filings demonstrate legal knowledge which exceeds that of the usual pro se litigant, which leads the court to suspect that plaintiff either has legal training or that he has secured the assistance of someone with legal training.

substance was taken, scientifically tested, and determined to be mold. Remediation of the mold began on May 21, 2007. At that time, vacuums specifically designed for such purpose were used to clean all surfaces and a certain area was washed with soap and water. No boards were removed and no walls were torn down or removed at that time or since. The contents of the specialized vacuums were and continue to be isolated and separately maintained. Submission and review of bids by the FAA to obtain a qualified contractor to fully remediate all mold at the FAA facility at Wichita Mid-Continent Airport is currently in process.

By letter dated August 21, 2007, plaintiff's administrative tort claim for personal injury related to mold contamination at the Wichita Air Traffic Control Tower between October 1990 and May 21, 2007, was denied by the FAA. The United States Department of Labor, Office of Workers' Compensation Programs, Washington, D.C., has reviewed plaintiff's complaint and administrative tort claim for personal injury related to mold contamination and determined that, based on those documents as they presently exist, there is a significant possibility that plaintiff's claim would be covered under the Federal Employees Compensation Act.

## II. ANALYSIS

Defendant argues this case should be dismissed for lack of subject matter jurisdiction by this court. The court must always assure itself of its jurisdiction before proceeding to the merits of a claim. Image Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

A liberal and somewhat expansive reading of plaintiff's

complaint implies that the only cognizable basis for suit is one under the Federal Tort Claims Act ("FTCA") based on personal injury due to exposure to mold by defendant.[3]  See 28 U.S.C. §§ 1346(b), 2671-2680 (Federal Tort Claims Act).  A court has no jurisdiction to hear a claim under the FTCA, however, when that claim is covered by the Federal Employees' Compensation Act ("FECA"), the workers' compensation plan for federal government employees.  See 5 U.S.C. § 8102(a) (providing FECA coverage for disability sustained while an employee is performing their duty); Swafford v. United States, 998 F.2d 837, 839 (10th Cir. 1993) (holding that if a claim is covered by FECA, a court is without jurisdiction to consider the claim's merits).

The Tenth Circuit has spoken to the matter currently before the court:

> The Secretary's determination that the FECA applies forecloses an FTCA claim. 5 U.S.C. § 8116(c); see also Southwest Marine, Inc. v. Gizoni, 502 U.S. 81, 90, 112 S. Ct. 486, 116 L. Ed. 2d 405 (1991) ("[T]he courts have no jurisdiction over FTCA claims where the Secretary of Labor determines that FECA applies."); Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-94, 103 S. Ct. 1033, 74 L. Ed. 2d 911 (1983) (noting FECA's exclusive-liability provision guarantees employees "the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government."). If the FECA applies, the FTCA claim must be dismissed even if benefits are not actually awarded by the Secretary. Farley[v. United States], 162 F.3d [613,] 616 [(10th Cir. 1998)].

---

[3] Plaintiff does not actually allege that he has suffered injury due to mold. Rather, the thrust of his complaint is that evidence of the mold problem needs to be preserved to substantiate his "potential injury." Plaintiff states several times in his response that he is not seeking damages, but only injunctive relief. (Doc. 7.)

-4-

Tippets v. United States, 308 F.3d 1091, 1094 (10th Cir. 2002). The Tippets court went on to state that, in that case, there was a "substantial question" that the plaintiff's claim was covered by FECA. Therefore, the court remanded the matter to the district court with directions to "abate the proceedings pending a determination by the Secretary whether [the plaintiff's claim] is covered by the FECA." Id. at 4095.

In this matter, there is not merely a "substantial question" whether FECA applies; rather, it is undisputed that FECA applies to plaintiff's allegations of respiratory ailment due to exposure to mold while employed by the FAA at the Wichita Air Traffic Control Tower. The deputy director of FECA has provided an affidavit to this effect. Therefore, because FECA applies, the court has no jurisdiction to hear plaintiff's FTCA claim. Lockheed Aircraft Corp., 460 U.S. at 194; Sw. Marine, Inc., 502 U.S. at 90; Tippets, 308 F.3d at 1094; Farley, 162 F.3d at 616; Swafford, 998 F.2d at 839. For this reason, defendant's motion to dismiss for lack of subject matter jurisdiction must be granted.[4]

Alternatively, if plaintiff's complaint is construed not as a claim under the FTCA, but solely as a claim for injunctive relief, the court still does not have subject matter jurisdiction to hear this matter. The United States is immune from suit unless it consents to be sued. See United Tribe of Shawnee Indians v. United States, 253 F.3d 543, 547 (10th Cir. 2001) ("The United States as a sovereign is

---

[4] Plaintiff repeatedly denies that he has attempted to bring a claim under the FTCA. Regardless, because FECA's deputy director has determined that FECA applies, an FTCA claim is foreclosed.

-5-

immune from suit unless it consents to be sued. . . . This immunity extends to injunctive relief . . .; absent express provision, a court has no jurisdiction to either restrain the government from acting or compel it to act."). Plaintiff has not identified any manner by which the United States has waived its immunity. See id. at 549-50 (discussing exception to general rule of sovereign immunity; namely, the applicability of the Administrative Procedure Act's ("APA's") waiver of sovereign immunity for civil actions seeking equitable relief, and holding the APA's waiver not applicable where the plaintiff failed to identify a federal statute that provided an express or implied cause of action or where the plaintiff did not specify a reviewable final agency action); see also Robbins v. United States Bureau of Land Mgmt., 438 F.3d 1074, 1080 (10th Cir. 2006) (stating that the APA "waives sovereign immunity in most suits for nonmonetary relief against the United States, its agencies, and its officers" but that the APA itself does not confer jurisdiction and that the source of jurisdiction must be found elsewhere); Kelley v. United States, 69 F.3d 1503, 1507 (10th Cir. 1995) (discussing another exception to the general rule of sovereign immunity; namely, the applicability of the exception to sovereign immunity for suits filed against federal entities or officials seeking to enjoin the enforcement of an unconstitutional statute).

Plaintiff has identified no basis, statutory or by common law, for injunctive relief, let alone established that defendant has waived sovereign immunity from suit. Therefore, plaintiff has not established this court's subject matter jurisdiction. See Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005) (stating that

the party invoking federal jurisdiction bears the burden of proof of that jurisdiction and finding that the plaintiff had not established a waiver of sovereign immunity); James v. United States, 970 F.2d 750, 753 (10th Cir. 1992) ("The party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived."). Defendant's motion to dismiss must be GRANTED.

### III.  CONCLUSION

Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 5) is GRANTED for the reasons stated more fully herein. The clerk is directed to enter judgment for defendant pursuant to Rule 58.

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed five double-spaced pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp, 810 F. Supp. 1172, 1174 (1992). The response to any motion for reconsideration shall not exceed five double-spaced pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this   3rd   day of October 2007, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE